IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| WINIFRED TERESA CAMERON,        ) | |
| ) | |
| Petitioner,        ) | |
| v.                                                              ) | Civil Action No. 1:15-12724 |
| ) | |
| WARDEN RICKARD,                              ) | |
| ) | |
| Respondent.        ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Petitioner's Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody.[1] (Document Nos. 1 and 4.) By Standing Order, this matter was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.) By Order entered on January 6, 2016, the above case was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for deposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 10.) Having examined Petitioner's Section 2241 Application, the undersigned finds, and hereby respectfully recommends, that Petitioner's Application be dismissed.

**FACT AND PROCEDURE**

**A.        Criminal Action No. 1:08-cr-00316:**

On November 5, 2008, Petitioner was convicted in the Middle District of North Carolina

---

[1] Because Petitioner is acting *pro se*, the documents which she has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

of one count of Possession with the Intent to Distribute Cocaine Base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (Count Two); and one count of Possession of Firearms in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Three). United Statement v. Cameron, Case No. 1:08-cr-00316 (M.D.N.C. August 25, 2009), Document No. 15. On August 25, 2009, the District Court sentenced Petitioner to a 60-month term of imprisonment as to each count to run consecutively, for a total term of 120 months of imprisonment. Id., Document No. 19. The District Court further directed that Petitioner's term of imprisonment be followed by a five-year term of supervised release. Id. Petitioner did not file an appeal with the Fourth Circuit Court of Appeals.

**B.     First Section 2255 Motion:**

On December 7, 2012, Petitioner filed in the Middle District of North Carolina a "Motion for Reduction of Sentence Based Upon Retroactive Guidelines on 18-to-1 Crack-to-Powder Ratio Disparity Pursuant to 18 U.S.C. § 3582(c)(2) and 1B1.10(c)." Id., Document No. 20. In her Motion, Petitioner first acknowledged that Section 3582(c)(2) and 1B1.10(c) did not authorize relief. Id. Petitioner, however, requested the Court "file and keep record of this motion" and rule upon the motion if the above provisions ever authorized relief. Id. Second, Petitioner attacked the validity of her conviction and sentence. Id. By Order and Recommendation entered on February 9, 2011, United States Magistrate Judge Wallace W. Dixon recommended that Petitioner's Motion be construed as a Section 2255 Motion and dismissed without prejudice for Petitioner to file "a correction motion on proper § 2255 forms." Id., Document No. 22. By Judgment Order entered on March 31, 2011, United States District Judge Thomas D. Schroeder adopted Judge Dixon's recommendation and dismissed Petitioner's Section 2255 Motion without

prejudice. Id., Document No. 24.

### C.     First Motion to Reduce Sentence:

On March 22, 2012, Petitioner filed in the Middle District of North Carolina her first Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582. Id., Document No. 25. Specifically, Petitioner argued that she was entitled to a reduced sentence based upon the 2011 Retroactive Crack Cocaine Amendment. Id. The United States filed its Response on October 29, 2014. Id., Document No. 42. By Order entered on February 24, 2015, counsel was appointed to represent Petitioner regarding her Section 3582 Motion. Id., Document No. 43. On the same day, counsel filed his Reply acknowledging that Petitioner does not qualify for a sentence reduction pursuant to U.S.S.G. § 1B1.10(a)(2)(B)." Id., Document No. 44. By Order entered on October 6, 2015, United States District Judge Schroeder denied Petitioner's Section 3582 Motion regarding the 2011 Retroactive Crack Cocaine Amendment. Id., Document No. 50. Specifically, Judge Schroeder determined that "Defendant does not qualify for a sentence reduction pursuant to U.S.S.G. § 1B1.10 because her original sentence is equivalent to the statutory mandatory minimum punishment on Count Two, and she did not qualify for relief pursuant to 18 U.S.C. § 3553(f) or U.S.S.G. § 5K1.1 or Fed. R. Crim. P. 35(b)." Id.

### D.     Second Section 2255 Motion:

On December 7, 2012, Petitioner filed in the Middle District of North Carolina a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Id., Document Nos. 28 and 29. In her Motion, Petitioner asserted the following grounds: (1) Trial counsel was ineffective in failing appropriately explain the plea agreement; (2) Plaintiff was not given the chance to refute errors in the plea agreement; (3) Petitioner did not realize that the five-year sentence of

3

imprisonment as to Count Three would run consecutively with her sentence as to Count Two; (4) Petitioner never spoke to her attorney until sentencing; and (5) There was a breach of the plea agreement. Id. The United States filed its Response in Opposition on July 29, 2013. Id., Document No. 37. On August 12, 2013, Petitioner filed her Reply. Id., Document No. 40. By Proposed Findings and Recommendation filed on October 8, 2015, United States Magistrate Judge Joe L. Webster recommended that Petitioner's Section 2255 Motion be denied. Id., Document No. 52. By Memorandum Opinion and Order entered on November 2, 2015, the District Court adopted Judge Webster's recommendation and denied Petitioner's Section 2255 Motion. Id., Document No. 56.

**E.     Second Motion to Reduce Sentence:**

On July 25, 2014, Petitioner filed in the Middle District of North Carolina her second Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582. Id., Document No. 41. Specifically, Petitioner argued that she was entitled to a reduced sentence based upon Amendment 782. Id. By Order entered on February 24, 2015, counsel was appointed to represent Petitioner regarding her Section 3582 Motion. Id., Document No. 43. The United States filed its Response on August 10, 2015. Id., Document No. 46. On August 13, 2015, Petitioner filed her Reply. Id., Document Nos. 48 and 49. By Order entered on October 9, 2015, United States District Judge Schroeder denied Petitioner's Section 3582 Motion based upon the 2014 Retroactive Crack Cocaine Amendment. Id., Document No. 54. Specifically, Judge Schroeder determined that "Defendant's original sentence of 60 months on Count Two and 60 months on Count Three is equivalent to the applicable statutory mandatory minimum, and the Defendant did not receive relief pursuant to 18 U.S.C. § 3553(f) or U.S.S.G. § 5K1.1 or Fed. R. Crim. P. 35(b). The Defendant's argument that

her drug amount is below the new statutory mandatory minimum is not cognizable under 18 U.S.C. § 3582(c)(2)." Id.

**F.     Section 2241 Petition:**

On August 26, 2015, Petitioner filed her instant Petition requesting relief under 28 U.S.C. § 2241. (Civil Action No. 1:15-12724, Document No. 1.) Petitioner alleges that she filed "a motion for relief in the Middle District of North Carolina [and] as of August 7, 2015, the Court has not responded."[2] (Id.) Petitioner states that she has served the mandatory minimum of 60 months for her gun charge and her drug charge was for 9 grams of crack cocaine on or about May 28, 2008. (Id.) Petitioner argues that "the Courts have ruled that 9 grams would trigger a simple possession charge according to the new crack law." (Id.) Accordingly, Petitioner requests that this Court order her immediate release from custody "according to the 2015 Sentencing Guidelines." (Id.)

On September 11, 2015, Petitioner filed her form Section 2241 Petition. (Id., Document No. 4.) In her form Petition, Petitioner continued to argue that her sentence was invalid based upon the Fair Sentencing Act of 2010. (Id.)

**G.     Third Motion to Reduce Sentence:**

On December 29, 2015, Petitioner filed in the Middle District of North Carolina her third Section 3582 Motion. Cameron, Case No. 1:08-cr-00316, Document No. 57. First, Petitioner asserts that she is entitled to relief pursuant to Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). Id. Second, Petitioner states that she was "sentenced under the

---

[2]  It is unclear whether Petitioner is referring to her Section 2255 Motion or her second Section 3582 Motion that was pending with the Middle District of North Carolina. The undersigned, however, notes that both Petitioner's Section 2255 Motion and second Section 3582 have now been addressed by the Middle District of North Carolina.

old law in 2009" and she does not understand "why the two-point reduction does not apply." Id. This motion is currently pending in the Middle District of North Carolina.

**ANALYSIS**

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas corpus* authority. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003). More specific grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255 (federal prisoners). See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004). Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. See 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective," issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon his liberty are properly considered under 28 U.S.C. § 2241. Allegations that a

federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

In view of the nature of the claims, the undersigned finds Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of her sentence imposed by the Middle District of North Carolina. Specifically, Petitioner contends that her sentence is invalid. Petitioner is clearly challenging the validity of her sentence, not the manner in which her sentence is being executed. Accordingly, the undersigned will briefly consider Petitioner's claims under Section 2255 for the sole purpose of determining whether the instant Section 2241 Application should be (1) dismissed, or (2) construed as a Section 2255 Motion and transferred to the appropriate jurisdiction. See Pack, 218 F.3d at 452.

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) Viewing Petitioner's Application as a Section 2255 Motion, it is clear that

this District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the Middle District of North Carolina. While a Section 2255 Motion filed in a Court other than the sentencing Court should be transferred to the Court which sentenced the petitioner, Petitioner's instant Application should not be construed and transferred as a Section 2255 Motion Petitioner's because Petitioner has proceeded under Section 2255 in the sentencing Court at least once before and has not obtained certification/authorization to file a second or successive Motion from the Fourth Circuit Court of Appeals.[3]

To the extent Petitioner is claiming that Section 2255 is inadequate or ineffective, the undersigned will consider her claims under Section 2241. Although a Section 2255 Motion is the proper vehicle for challenging a federal conviction or sentence, Section 2241 may be used by a federal prisoner to challenge the legality of her conviction if she can satisfy the mandates of the Section 2255 "savings clause." Section 2255 contains a "savings clause" that allows an individual to file a petition challenging her conviction in a venue other than the sentencing court

---

[3] Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, the Petitioner must demonstrate that the Motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Nevertheless, this Court need not reach the issue of whether Petitioner's Motion actually contains newly discovered evidence or presents a new rule of constitutional law. "[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 Petition, he must obtain authorization from the court of appeals." *In re Goddard*, 170 F.3d 435, 436 (4th Cir. 1999); *See* 28 U.S.C. § 2244(b)(3)(A).

if the Petitioner can establish that her remedy under Section 2255 is "inadequate or ineffective." In re Jones, 226 F.3d at 333("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34. It appears, however, that the Fourth Circuit has not recognized an entitlement to proceed under section 2241 when an inmate challenges her *sentence* contending that the remedy under Section 2255 is inadequate or ineffective. See United States v. Poole, 531 F.3d 263, 267 fn. 7 (4th Cir. 2008)("Fourth Circuit precedent has likewise not extended the reach of the [Section 2255(e)] savings clause to those petitioners challenging only their sentences. See In re Jones, 226 F.3d 228, 333 - 34 (4th Cir. 2000)(outlining the circumstances in which '§ 2255 is inadequate or ineffective to test the

legality of a *conviction*')(emphasis added).") "The remedy provided under Section 2255(e) opens only a narrow door for a prisoner to challenge the validity of his conviction or sentence under Section 2241." Boynes v. Berkebile, 2012 WL 1569563, *6 (S.D.W.Va. May 1, 2012)(J. Berger).

Based upon the foregoing, the undersigned concludes Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that she could resort to Section 2241. Petitioner does not allege an intervening change in law that establishes her actual innocence of the underlying conviction. Citing amendments to the Sentencing Guidelines, Petitioner argues that the sentencing Court imposed an improper sentence. The undersigned finds that Petitioner's challenge to the validity of her *sentence* based upon an amendment to the Sentencing Guidelines does not meet the requirements of the saving clause. See Boynes, 2012 WL 1569563 at *6("[T]he Fourth Circuit has not broadened the parameters of the analysis of the savings clause in *Jones* to encompass the challenge to the sentence based upon a sentence guideline enhancement or a claim of 'actual innocence' of a sentence guideline enhancement."); Young v. Caraway, 2011 WL 830105, *1 (S.D.W.Va. March 3, 2011)(J. Johnston)(finding that petitioner's challenge to his sentence in light of an amendment to the Sentencing Guidelines is properly classified as a Section 2255 Motion); Burston v. Warden, 2010 WL 5462474, *1 – 2 (D.S.C. Dec. 29, 2010)(finding that a petitioner must proceed under Section 2255 when challenging his sentence based upon a subsequent amendment to the Sentencing Guidelines); also see Farrow v. Revell, 2013 WL 5546155 (4th Cir. Oct. 9, 2013)(petitioner's challenge to his armed career criminal status is not cognizable in a Section 2241 petition because the savings clause only preserves claims in which petitioner alleges actual

innocence of his *conviction*); Underwood v. Cauley, Case No. 1:11-cv-0217(S.D.W.Va. Aug. 22, 2014)(J.Faber)(finding petitioner's claim that he was actually innocent of being a career offender, a sentencing enhancement, not cognizable under Section 2241); Noggin v. Wilson, 2013 WL 5603226 (E.D.Va. Oct. 11, 2013)(finding that Petitioner could not challenge his *sentence* based upon *Miller* and *Simmons* under a Section 2241 Petition). As stated above, Section 2255 is not rendered inadequate or ineffective merely because an individual is barred procedurally or by the gatekeeping requirements of Section 2255. Therefore, Petitioner has failed to sustain her burden of showing the inadequacy or ineffectiveness of a Section 2255 Motion and her Section 2241 Petition should be dismissed.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application for Writ of *Habeas Corpus* by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (Document Nos. 1 and 4) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and

Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

ENTER: August 3, 2016.

Omar J. Aboulhosn
United States Magistrate Judge